

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                               :

STRIKE 3 HOLDINGS, LLC,               :

                       :     Case No. 3:19-cv-00911-NAM-ATB

             Plaintiff,      :

                       :

             vs.           :

                       :

JOHN DOE subscriber assigned IP address    :
198.255.132.72,                      :

                       :

             Defendant.    :
---------------------------------------------------------------X

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S LETTER MOTION TO QUASH SUBPOENA

Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") hereby submits this Response and Memorandum of Points and Authorities in Opposition to Defendant's Letter Motion to Quash Subpoena ("Motion").

### I.    INTRODUCTION

Defendant's Motion denies liability and cites to an out-of-circuit opinion that declined to find good cause for early discovery (which this Court has found).  Neither of these contentions, however, are grounds to quash a subpoena.  Bare denials of liability touch on the merits of a claim and may be raised at motions to dismiss or later disputes of the substantive claims, but here, where the dispute revolves around relevance and the general prohibitions outlined in Fed. R. Civ. P. 45(d), Defendant's ultimate liability is simply beyond the scope.

Moreover, although Defendant does not discuss how the opinion from the Southern District of Florida is relevant to this Motion, that opinion is, respectfully, flawed.  It cut against the grain and held that Strike 3's use of geolocation technology did not adequately assure the court of its personal jurisdiction over a subscriber, especially where multiple people may have accessed an IP

address.  But courts across the country find that Plaintiff has made a prima facie case for their personal jurisdiction by using this exact geolocation technology used in this case.  Strike 3's subpoena seeks Defendant's address, which only the ISP and Defendant know, and will ultimately confirm whether personal jurisdiction and venue are appropriate.  Finally, Defendant's name and address are "highly relevant" to this matter.  Even if someone other than Defendant is the infringer (which Plaintiff will investigate as soon as it gets the information from the ISP), his name and address are necessary to perform even that basic investigation.

For the following reasons, Strike 3 respectfully requests the Court deny Defendant's Motion.

## II.   FACTS

Plaintiff owns the intellectual property to the award-winning adult motion pictures distributed through its websites and on DVD.  [Decl. Lansky (CM/ECF 5-3, ¶¶ 3, 19)].  Strike 3's philosophy is to hold itself above the rest by having higher budgets, higher compensation for its actors and actresses, and higher end productions.  *Id.* at ¶¶ 7–8, 12–13, 15.  Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with new films and a better experience.  *Id.* at ¶ 15.  Plaintiff's business has "raised the bar" for the rest of the industry, leading "more adult studios to invest in better quality content thus creating more positive opportunities for performers."  *Id.* at ¶ 21.

As a result of its higher production and talent costs, Strike 3 is sensitive to the loss of revenue caused by mass copyright infringement.  *Id.* at ¶ 22.  Despite attempting to mitigate the infringement outside the courts, *see id.* at ¶ 26 (sending thousands of DMCA takedowns to infringing websites), lawsuits like this have become a necessary option of last resort.  *Id.* at ¶ 27.  Plaintiff understands the delicate nature of these suits and otherwise respects the desire by

consumers to keep their content choices private, and thus Plaintiff has put in place protocols, including inviting this Court to implement a protective order, to protect Defendants' privacy.

In this case, Defendant is accused of downloading, distributing, and hence infringing numerous works owned by Strike 3 across the BitTorrent network. [*See generally* CM/ECF 1 and accompanying Exhibit "A" listing the works-in-suit]. Plaintiff moved to serve an early subpoena on John Doe's ISP for the limited purpose of identifying and serving Defendant (while maintaining his/her anonymity) in accordance with the Federal Rules of Civil Procedure. [CM/ECF 5]. The Court granted Strike 3's motion on August 16, 2019, [CM/ECF 6], Plaintiff served its subpoena on Defendant's ISP shortly thereafter, and Defendant filed a pro se letter requesting to quash the subpoena and to remain pseudonymous. [CM/ECF 7]. The Court granted Defendant's request to remain pseudonymous, and instructed Strike 3 to respond to Defendant's arguments to quash the subpoena. [CM/ECF 9]. This Response follows.

## III.   LEGAL STANDARD

The burden of persuasion for a motion to quash "is borne by the movant," *New York v. Nat'l R.R. Passenger Corp.*, No. CV 4-962 DNH/RFT, 2007 WL 4377721, at *1 (N.D.N.Y. Dec. 12, 2007) (citation omitted), who "bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted). "Under Rule 45(d), a court must quash or modify any subpoena that '(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.'" *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *1 (S.D.N.Y. May 23, 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv)). "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605-PAB-KMT, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases). "Absent a finding by

a court that a valid basis exists to quash a subpoena, the party receiving the subpoena *must comply* with it. *Id.* (collecting cases) (emphasis original).

## IV.   ARGUMENT

### A.   A Bare Denial of Liability Is Not Grounds to Quash a Subpoena

Defendant first denies that he infringed Strike 3's copyrights and claims that he has no knowledge of BitTorrent.  [CM/ECF 7, at 1].  "In sum, Defendant claims innocence."  *Strike 3 Holdings, LLC v. Doe*, No. CV 18-04993-KAW, 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019) (denying motion to quash).  But, "a general denial of liability . . . is not a basis for quashing a subpoena."  *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) (*Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) (internal quotations omitted) (collecting cases)); *Strike 3 Holdings, LLC v. Doe*, No. CV 19-2552 (LAK)(OTW), 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019) (same); *Malibu Media, LLC v. Doe*, No. CV 15-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016) (citations omitted) ("Nowhere, however, does Defendant link the possibility that he is not the infringer to an accepted basis for quashing a subpoena.").  Accordingly, "Defendant's argument that another party is responsible for the infringing conduct[1] may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because '[o]btaining Doe's contact information 'is the logical first step in identifying the correct party."  *Malibu Media, LLC v. Doe*, No CV. 15-7788 (KMW), 2016 WL 1651869, at *3 (S.D.N.Y. Apr. 26, 2016) (citations omitted); *Strike 3 Holdings,*

---

[1] The theory presented by Defendant, however, misunderstands the technology in this case.  Defendant suggests that his router, which connects him and his computer to the Internet, may have been refurbished by his ISP, and thus multiple people have used that router.  This may very well be true, but it is beyond the scope of this action and Plaintiff's technology.  Strike 3's investigator tracks the *IP address* and not the router or router identification number.  It is inconsequential how many times a router has been "refurbished."  Moreover, the ISP assigns the IP address to a given subscriber for a period of time, which is why Strike 3's subpoena requests the subscriber's information for a specific date and time during the infringement.  As Defendant does not contest that this is his IP address (as identified and notified by the ISP), it follows that Defendant was the subscriber during the period of infringement.

*LLC v. Doe*, No. CV18-2648 (VEC), 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citations omitted) ("It is well-established that 'the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable.'").

### B.   The Opinion of The Southern District of Florida Declining Early Discovery Is Inapt

The only case Defendant mentions in support of his Motion is an unpublished order from the Southern District of Florida which, finding Strike 3 did not present sufficient good cause, declined to allow early discovery. *See Strike 3 Holdings, LLC v. Doe*, No. CV 19-20761-UU, ECF No. 11 (S.D. Fla. May 8, 2019) ("Florida Order").  This order is anomalous and conflicts with prior precedent in its own district. *See e.g.*, *Manny Film, LLC v. Doe*, No. CV 15-80306, 2015 WL 2411201, at *1 (S.D. Fla. May 20, 2015).  Indeed, most judges in that district find that Strike 3 has established good cause for early discovery and allow it to issue its expedited subpoena on the ISP. *See e.g.*, *Florida Order* at *2; *Strike 3 Holdings, LLC v. Doe*, No. CV 18-62147-RNS, ECF No. 9 (S.D. Fla. Nov. 9, 2018).  The Florida Order, however, found that since an IP address does not identify the individual, Strike 3 could not establish a plausible claim against an individual infringer, and, as a result, found Strike 3's motion did not establish good cause or venue.  Plaintiff addresses both concerns in turn.

### 1.   Venue is Proper in this Matter

"[V]enue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710, 92 S. Ct. 1936, 1939, 32 L. Ed. 2d 428 (1972).  The Florida Order expressed concern that since an IP address may be used by more than one person, who may or may not be the subscriber, that Strike 3 is unable to satisfy the Court of its personal jurisdiction (over a defendant), and hence venue. *See Florida Order* at *2.  But this misconstrues

Plaintiff's burden to demonstrate the appropriateness of venue during the pleading stage of litigation.

"Civil actions . . . relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).  "[I]t is well-established that a defendant 'may be found' in any district in which he is amenable to personal jurisdiction; thus, venue and jurisdiction are coextensive.'"  *Leroi, Inc. v. Csc3c, Inc.*, No. CV 15-0565, 2016 WL 4997228, at *8 (N.D.N.Y. Sept. 19, 2016) (collecting cases); *see also* 5 Patry on Copyright § 17:205 ("Courts have uniformly held that venue is proper whenever personal jurisdiction may be obtained under the applicable state long-arm statute thereby collapsing the two concepts into one.").  As a result, where personal jurisdiction is proper, so is venue.

Although this Court has not yet addressed this issue directly, others in this Circuit have.  In *Malibu Media*, a defendant in a similar posture moved to quash plaintiff's expedited subpoena for, among other things, lack of personal jurisdiction.  *See Malibu Media, LLC v. Doe*, No. CV 14-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016).  "In determining whether personal jurisdiction has been established, '[f]ederal courts are to apply the personal jurisdiction rules of the forum state' and thus the Court performs its analysis under New York law. *Id.* at *3 (citing *Tannerite Sports, LLC v. NBC Universal Media LLC*, 135 F. Supp. 3d 219, 228 (S.D.N.Y. 2015) (quoting *Penguin Grp. (USA) v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010)).

> Under New York law, "[g]eneral in personam jurisdiction . . . requires that each defendant either be a resident or domiciliary of New York, have sufficient contact with the state to constitute 'doing business' in the district, or be served with process while in the district." *Does 1-266*, 2011 WL 1466073, at *3 (citing N.Y. C.P.L.R. 301). Relevant here, "a showing that an ISP account is located in the state of New York and corresponds to the alleged infringing of [the plaintiff's] copyright is enough to make a prima facie showing of in personam jurisdiction with regard to the holder of that ISP account." *Id.* at *4*; *see also Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (allowing for expedited discovery where "[p]ublicly available 'reverse IP' checks confirmed that all of [the] addresses very

likely belong [ed] to individuals located in New York"); *Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172, 2012 WL 8282825, at *3 n.3 (S.D.N.Y. Feb. 1, 2012) ("This factual assertion by Plaintiff as to the location of the Doe defendants at the time of the alleged infringement is critical for establishing that personal jurisdiction is proper in this Court.").

*Id.* (emphasis supplied).

Judge Locke then considered plaintiff's specific allegations against defendant and found that it had effectively demonstrated a prima facie case for personal jurisdiction. *See id.* at *4. This was because Plaintiff's pleading showed that Plaintiff's geolocation technology was accurate, and the geolocation technology traced the IP address a place within this Court's jurisdiction. *See id.*

Strike 3 has demonstrated the same here – that the Defendant's IP address, and hence Defendant, is located within this Court's jurisdiction.  To start, Defendant is the subscriber to IP address 198.255.132.72.  This much he does not contest in his Motion.  Although the Florida Order expressed concern that "it is entirely *possible* that the IP address belongs to a coffee shop or open Wi-Fi network, which the alleged infringer briefly used on a visit to Miami," this is contradicted by the magnitude of the infringement.  Defendant downloaded fifty-two of Strike 3 over the span of almost two years.  *See* [CM/ECF 1-1].  Thus, the infringer was not someone with passing access to the IP address, but rather, someone with consistent and continuous access to it.  *See Strike 3 Holdings, LLC v. Doe*, No. CV 18-04993-KAW, 2019 WL 468816, at *2 n.1 (N.D. Cal. Feb. 6, 2019).

Knowing Defendant's IP address, Plaintiff used Maxmind Inc. ("Maxmind") "to determine that Defendant's IP address traced to a physical address in this District." [CM/ECF 1, at ¶ 9]; *see Strike 3 Holdings, LLC v. Doe*, No. CV 1-V47-WQH (RBB), 2018 WL 1427002, at *4 (S.D. Cal. Mar. 22, 2018) ("Plaintiff has demonstrated that a person or entity engaged in acts of infringement using the [offending IP address], and the IP address likely corresponds to a physical address located

in the [District.]") (collecting cases). Maxmind, has an extensive pedigree of success. *See Manny Film, LLC v. Doe*, No. CV 15-80290, 2015 WL 3838244, at *2 (S.D. Fla. June 22, 2015) (noting "other courts have found geolocation technology [like Maxmind] reliable"). Not only it is used by law enforcement across the country,[2] courts have consistently noted its reliability in civil actions such as this one.[3] Here, Maxmind traced Defendant's IP address to a location around Binghampton, New York, which is within this Court's territorial jurisdiction. *Criminal Prods., Inc. v. Doe*, 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016) ("The Court concludes that based on the timing of the IP address tracing efforts employed by plaintiff's investigator, the documented success of the Maxmind geolocation services, and plaintiff's counsel's efforts to independently verify the location information provided by plaintiff's investigator, plaintiff has met its evidentiary burden [that jurisdiction is proper.]").

Again, Defendant does not deny that this is his IP address, that he was subscribed to this IP address during the relevant time period, or most importantly, that he is domiciled within this Court's jurisdiction. Thus, there is no reason to believe that Maxmind is not functioning properly in this matter or that Defendant does not reside within the Northern District of New York. Since Strike 3 has made a prima facie case for personal jurisdiction, supported by substantial evidence, venue is also proper.

## 2. Strike 3's Expedited Subpoena is Proper Because It Seeks Relevant Information

---

[2] *See, e.g., United States v. Tillotson*, No. CR 8-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008); *United States v. Richardson*, No. CR 11-3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012); *Aguilar v. Parris*, No. CV 16-00779, 2016 WL 5373532 (M.D. Tenn. Sept. 26, 2016); *United States v. Wilbert*, No. 16-CR-6084-DGL-JWF, 2018 WL 6729659, at *4 (W.D.N.Y. Aug. 20, 2018), *report and recommendation adopted*, 343 F. Supp. 3d 117 (W.D.N.Y. 2018); *United States v. Crockett*, No. CR ELH-18-166, 2018 WL 5279492, at *11 (D. Md. Oct. 24, 2018).
[3] *See e.g., Strike 3 Holdings, LLC v. Doe*, No. CV 19-00160-EMC, 2019 WL 591459, at *2 (N.D. Cal. Feb. 13, 2019) (noting "the documented success of the Maxmind geolocation service"); *Spanski Enterprises, Inc. v. Telewizja Polska S.A.*, 222 F. Supp. 3d 95, 106 (D.D.C. 2016), *as amended* (Dec. 12, 2016), *aff'd*, 883 F.3d 904 (D.C. Cir. 2018); *Criminal Prods., Inc. v. Doe*, No. CV 16-2589, 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016); *SBO Pictures, Inc. v. Does 1-20*, No. CV 12-3925, 2012 WL 2304253, at *1 n.10 (S.D.N.Y. June 18, 2012).

**that Will Also Confirm Jurisdiction**

    **a. Defendant's Name and Address are "Undoubtedly Relevant" to this Litigation**

Strike 3's limited subpoena is also an appropriate use of discovery.  Plaintiff's request for leave to take early discovery achieves several ends: it not only requests relevant information (the subscriber's name and address) to help it uncover the infringer's identity, it confirms this court's personal jurisdiction over the matter.  Although the *Florida Order* suggests that the subpoena's inability, on its own, to confirm whether the subscriber is actually the infringer, is sufficient grounds to find good cause lacking, the limited but highly relevant nature of the information sought makes the request highly proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

Courts across the country hold that "[t]he information sought in this subpoena is undoubtedly relevant." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-2552 (LAK)(OTW), 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019); *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 482 (E.D. Pa. 2019); *Strike 3 Holdings, LLC v. Doe*, No. CV 19-00167-KAW, 2019 WL 1865919, at *2 (N.D. Cal. Apr. 25, 2019).  "[S]ubpoenas issued pursuant to Rule 45 may obtain discovery regarding 'any nonprivileged matter that is relevant to [a] party's claim or defense.'" *Strike 3 Holdings*, No. CV 19-2552 (LAK)(OTW), 2019 WL 4855039 at *2 (collecting cases), and  "may seek information on 'any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Strike 3 Holdings, LLC v. Doe*, No. CV 18-2648 (VEC), 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (collecting cases).

Defendant's name and address are relevant for several reasons.  First, "obtaining Defendant's name and address will enable Plaintiff to serve Defendant with the Complaint and a summons." *Strike 3 Holdings*, No. CV 18-2648 (VEC), 2019 WL 78987 at *3.  Additionally,

"[o]nce in possession of Defendant's name and address, Plaintiff can investigate and confirm it has a good faith basis for believing it has found the infringing party." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-2552 (LAK)(OTW), 2019 WL 4855039 at *2.   Indeed, because of the Cable Communications Policy Act, 47 U.S.C. § 551 *et seq.*, Strike 3 cannot obtain this information unless it serves a court order authorizing the ISP to release Defendant's identifying information. *See Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774 (DWF/DTS), 2018 WL 4210202, at *2 n.3 (D. Minn. Sept. 4, 2018).   Thus, not only does Strike 3's subpoena seek relevant information, it is necessary for this case to proceed.

### b.  Strike 3's Subpoena Is Appropriate for Jurisdictional Discovery

The subpoena will also discovery relevant, and likely dispositive, information confirming where Defendant is domiciled for the purpose of personal jurisdiction and venue.  That is, Strike 3's subpoena also acts as a vehicle for jurisdiction discovery, which is crucial when the Court's jurisdiction over a matter is challenged, even indirectly, as is the case here.

Courts have noted that Strike 3's expedited subpoena "is in essence seeking jurisdictional discovery."  *See Strike 3 Holdings, LLC v. Doe*, 325 F.R.D. 499, 501 (D.D.C. 2018) (citations omitted); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (noting that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues").   The Second Circuit has long cautioned that "[b]efore dismissing a case for want of jurisdiction, a court should permit the party seeking the court's intervention to engage in discovery of facts supporting jurisdiction."  *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 597 (2d Cir. 1988) (collecting cases).   "Failure to allow such discovery has been held to be an abuse of discretion."  *Id.* (citation omitted).

"It is well settled under Second Circuit law that, *even where plaintiff has not made a prima*

10

*facie showing of personal jurisdiction, a court may still order discovery*, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 256 (N.D.N.Y. 2016) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003) (emphasis supplied)).   "Thus, jurisdictional discovery is appropriate when the party has made a 'colorable basis for personal jurisdiction, which could be established with further development of the factual record.'" *Id.* (citations omitted).  And, some courts go so far as to note that "[c]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Strike 3 Holdings, LLC v. Doe*, No. CV 18-16593 (MAS), 2019 WL 4745360, at *2 (D.N.J. Sept. 30, 2019) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

As discussed *supra* § 4.B.1., Strike 3 makes a prima facie showing for this Court's personal jurisdiction over Defendant.  Plaintiff used Maxmind to trace Defendant's IP address to this District.  It subsequently moved the Court for leave to discovery Defendant's precise address, which it can only uncover when endorsed by a court order authorizing the subpoena, and the ISP's response will conclusively settle whether or not Strike 3's prima facie showing of personal jurisdiction is accurate.  Again, it is telling the Defendant, who "clearly" has information about his address "in his . . . possession," *Strike 3 Holdings*, No. CV 18-16593 (MAS), 2019 WL 4745360 at *2, 4 (holding "will not require Plaintiff to go above and beyond its use of the geolocation tracking service in order to demonstrate this at this stage in the

proceedings"), has not attempted to rebut Maxmind's results. Accordingly, jurisdictional discovery via Strike 3's subpoena effectively and efficiently resolves this dispute.

## V.    CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests this Court deny Defendant's Letter Motion to Quash Subpoena.

Dated: October 25, 2019                              Respectfully submitted,

By:    /s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjames@jacquelinejameslaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Jacqueline M. James*